**STATE OF WEST VIRGINIA**

**FILED**

**June 11, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.H., G.H.-1, and G.H.-2**

**No. 22-878** (Upshur County 21-JA-5, 21-JA-6, and 21-JA-7)

**and**

*In re* **H.W.**

**No. 22-879** (Upshur County 22-JA-12)

## MEMORANDUM DECISION

In these consolidated cases, the petitioner, Mother, L.N.,[1] appeals from two orders entered by the Circuit Court of Upshur County.[2] In the first dispositional order, entered on October 31, 2022, the circuit court terminated the Mother's parental rights to the three oldest children, A.H., G.H.-1, and G.H.-2.[3] The circuit court entered its second dispositional order on the same day, and terminated Mother's parental rights to the youngest child, H.W. Mother argues on appeal that the

---

[1] In cases involving sensitive facts, we use initials, rather than the parties' full names. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children).

Additionally, pursuant to West Virginia Code § 5F-2-1a (eff. 2023), the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2 (eff. 2024). For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] Mother is represented by counsel Travis D. Britton. Counsel for the DHS are Attorney General Patrick Morrisey, Deputy Attorney General Stephen R. Compton, and Assistant Attorneys General Jason R. Trautwein and Brittany Ryers-Hindbaugh. The children are represented by their guardian ad litem ("guardian"), counsel Melissa T. Roman.

[3] We have added numbers to differentiate between the children who share the same initials.

1

circuit court erred by denying her request for an improvement period and terminating her parental rights to her children. Both the West Virginia Department of Human Services ("DHS") and the children's guardian ad litem ("guardian") contend that the circuit court did not err. We agree that the circuit court's rulings were properly supported by the record evidence and should be affirmed. This Court further finds that this case is proper for disposition in a memorandum decision pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In 2019, Mother was a respondent parent in a prior abuse and neglect proceeding involving her three oldest children, G.H.-2, G.H.-1, and A.H., based upon her substance abuse. After receiving services from the DHS, Mother successfully completed an improvement period, and the children were returned to her care and custody in May 2020.[4]

Thereafter, in October 2020, Mother and the children's father had a verbal argument, and the father took the two oldest children, G.H.-2 and G.H.-1, with him to the paternal grandparents' residence. The father resided there with the children, for approximately four weeks until he moved out, allegedly due to his substance abuse, and left the two children in the care of the paternal grandparents. During this period, A.H. resided with Mother. In January 2021, the paternal grandparents filed a petition for guardianship of G.H.-2 and G.H.-1. As part of those proceedings, the circuit court required Mother to submit to drug testing, and she tested positive for amphetamine and methamphetamine in February of 2021. Mother's positive drug tests prompted the DHS to file the first of the two abuse and neglect petitions at issue in this case.

The February 2021 abuse and neglect petition concerned Mother's three oldest children, G.H.-2 (then age 8), G.H.-1 (then age 4), and A.H. (then age 1), and alleged that Mother's substance abuse inhibited her ability to care for the children.[5] In addition to Mother's positive drug tests during the grandparents' guardianship proceeding, she also admitted to having used methamphetamine in January 2021 because, she claimed, she and her boyfriend were moving to a new residence and had to get things done quickly.

During this proceeding, the father successfully addressed his substance abuse issues while Mother continued to test positive for various substances, including methamphetamine and fentanyl. Mother also refused to submit to some drug screens, attempted to alter the test results, or admitted to using various substances, including fentanyl and heroin. Eventually, the three oldest children were returned to the father's care and custody in December 2021, while the abuse and neglect case continued with respect to Mother.

---

[4] The father of these children was also a respondent parent in the 2019 abuse and neglect proceeding; he likewise successfully completed an improvement period; and the circuit court returned the children to his care and custody as well.

[5] This petition also named the children's father as a respondent parent and alleged that his substance abuse constituted abuse and neglect.

In January 2022, while Mother was pregnant with the youngest child at issue in this case, H.W., she was arrested for driving under the influence ("DUI") and admitted to having used fentanyl. She was placed in a long-term substance abuse treatment facility as a bond condition for a probation violation. Approximately one week later, Mother gave birth to H.W. The DHS filed the second abuse and neglect petition at issue in this appeal in February 2022. The petition was based upon Mother's substance abuse during her pregnancy with H.W. The child was placed with his paternal grandmother.[6]

Although Mother completed a residential treatment program and made progress towards obtaining employment and enrolling in college during the dispositional hearings period,[7] Mother submitted diluted samples for some drug screens and tested positive for alcohol during other drug screens. Based upon these positive drug test results, the circuit court terminated Mother's parental rights to her children in both cases: the February 2021 case involving G.H.-2, G.H.-1, and A.H., and the February 2022 case concerning H.W. The circuit court entered dispositional orders in both cases on October 31, 2022.[8] Mother now appeals to this Court.[9]

We consider a circuit court's rulings in an abuse and neglect case in accordance with the following standard of review:

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[6] H.W. has a different father than Mother's three oldest children.

[7] The circuit court conducted dispositional hearings regarding all four children in July 2022, August 2022, September 2022, and October 2022.

[8] The father of H.W. relinquished his parental rights to the child. Pursuant to their permanency plans, the oldest children, G.H.-2, G.H.-1, and A.H., will remain with their father, while the paternal grandmother is expected to adopt H.W. The two families have been encouraged to coordinate visitation among the siblings, and the guardian reports that Mother occasionally sees the three oldest children at church when she brings them presents. Neither dispositional order addresses post-termination visitation between Mother and the children.

[9] While these appeals were pending, the parties provided supplemental information indicating that after Mother tested positive for amphetamine and methamphetamine, her probation was revoked, and she was incarcerated on the January 2022 DUI charge. During oral argument, counsel represented that Mother has since discharged this sentence.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. pt. 1, *In Int. of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

Mother asserts that the circuit court erred by denying her motions for a post-adjudicatory and a post-dispositional improvement period and by terminating her parental rights. A circuit court may grant a respondent parent an improvement period if the parent requests an improvement period in writing and "demonstrates, by clear and convincing evidence, that the respondent [parent] is likely to fully participate in the improvement period" by complying with the terms designed to remedy the conditions of abuse and neglect at issue in the case. W. Va. Code § 49-4-610(2)(B) (listing criteria for award of post-adjudicatory improvement period). *See also* W. Va. Code § 49-4-610(3)(B) (using similar language to enumerate requirements for award of post-dispositional improvement period). Although Mother submitted a written motion for an improvement period, she did not demonstrate that she was likely to fully comply with an improvement period designed to remedy the conditions of abuse and neglect alleged in the DHS's petitions.

In February 2021, the DHS filed the first abuse and neglect petition, which concerned the three oldest children and alleged that Mother's substance abuse impeded her ability to care for her children. Mother waived her right to a preliminary hearing, and in the circuit court's March 22, 2021 order acknowledging her waiver, the court specifically ordered Mother to "submit to random drug and alcohol screens" and permitted supervised visitation with the children only if her "drug and alcohol screens are negative." Despite these directives, Mother continued to have positive drug screens.

The DHS filed its second abuse and neglect petition in this case regarding the youngest child in February 2022 after Mother admitted to using various substances during her pregnancy. She again waived her right to a preliminary hearing, and the circuit court's February 24, 2022 order memorializing Mother's waiver explicitly ordered her not only to "submit to random drug and alcohol screens" but also directed that she

> shall not intentionally use, breathe, inhale, or drink any compound, liquid, or chemical containing any substance, chemical, or combination thereof, which may induce a condition of intoxication, stupefaction, depression, giddiness, paralysis, or irrational behavior or which may, in any manner, change, distort, or disturb the person's auditory, visual, or mental processes.

Although Mother eventually completed a residential treatment program, her drug screen results during the four-month dispositional phase of the case included diluted specimens and positive results indicating Mother had ingested alcohol. The positive alcohol screens directly contravened the circuit court's order that required Mother to refrain from using any type of mood- or mind-altering substances and suggest that she was not able to maintain her sobriety even after completing a rehabilitation program. Based upon the record, Mother did not demonstrate, by clear and

4

convincing evidence, that she would fully participate in an improvement period to remedy the conditions of abuse and neglect, i.e., her substance abuse. *See* W. Va. Code § 49-4-610(2)(B) & (3)(B). Therefore, the circuit court did not err by denying Mother's request for a post-adjudicatory or a post-dispositional improvement period.

Likewise, Mother has not demonstrated that a disposition less restrictive than termination would have served her children's best interests. Termination of a parent's "parental, custodial[,] and guardianship rights and responsibilities" is proper "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and . . . when necessary for the welfare of the child[.]" W. Va. Code § 49-4-604(c)(6). Moreover,

> "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help. Those conditions exist in the following circumstances, which are not exclusive:
>
> (1) The abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances[,] or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

W. Va. Code § 49-4-604(d)(1).

Mother's involvement with the DHS began in 2019 when she was named as a respondent parent to an abuse and neglect case involving the three oldest children based on allegations that her substance abuse prevented her from providing adequate care and supervision. Although the first case was dismissed in 2020 upon Mother's successful completion of an improvement period, only a few months later, in 2021, the DHS filed a second abuse and neglect petition regarding the same three children and again alleging that Mother's substance abuse inhibited her ability to care for the children. While this second case was pending, the DHS filed a third abuse and neglect petition alleging once more that Mother's substance abuse constituted abuse and neglect, this time because she used various substances while she was pregnant with the youngest child. Although Mother eventually completed a residential treatment program and had negative drug screens for a period of time afterwards, she again began having diluted and positive drug screens—for alcohol, a substance the circuit court ordered her to avoid—during the dispositional phase of the proceedings in August and September 2022, thus demonstrating that she had not remedied the conditions of abuse and neglect and would be unlikely to do so in the near future. *See* W. Va. Code § 49-4-604(c)(6) & (d)(1). The circuit court, consistent with the governing statutory provisions, properly found termination to be the disposition that would serve all of the children's best interests. *Id.*

Accordingly, the circuit court's October 31, 2022 dispositional orders are hereby affirmed.

Affirmed.

**ISSUED:** June 11, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn